UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALEAH COFER, § § | |
| Plaintiff, § § | |
| v. § § | No. _____ |
| § | JURY DEMAND |
| CARLOS MACIAS, and § | |
| ISLAND CONSTRUCTION, INC. § § | |
| Defendants. § | |

## COMPLAINT

Comes the Plaintiff, upon information and belief, and for her cause of action states as follows.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. The Court also has supplemental jurisdiction over any state law aspects of the questions presented pursuant to 28 U.S.C. § 1367.

## PARTIES

1.  Plaintiff Aleah Cofer is a citizen and resident of Roane County, Tennessee.

2.  Defendant Carlos Macias is a citizen and resident of Jonesboro, Arkansas, and may be served with process at 4302 Race Street, Jonesboro, Arkansas.

3.  Defendant Island Construction, Inc., (hereinafter "Defendant Island Construction") is an Arkansas corporation with its principal place of business at 301 Burke Avenue, Jonesboro, Arkansas 72401. Defendant Island Construction may be served with process through its registered agent David Wayne Eagle at 500 Melton Circle, Jonesboro, Arkansas

72401.

## FACTS

4. On February 21, 2021, at approximately 10:45 p.m., Plaintiff was operating a 2013 Toyota Tacoma pick-up truck northbound on South Roane Street ("US-27") in Harriman, Roane County, Tennessee.

5. The subject section of South Roane Street/US-27 is a divided highway with two northbound and two southbound lanes divided by a grass median.

6. At the same time, Defendant Carlos Macias was operating a 2013 International Prostar tractor with attached flat-bed trailer southbound on South Roane Street/US-27 and traveling toward Plaintiff's location.

7. Defendant Macias found himself traveling in the wrong direction and made the decision to execute a U-turn and travel back north on US-27. Accordingly, Macias turned his tractor-trailer left into a median crossover and began a full U-turn through the crossover and back into the northbound lanes of US-27.

8. Defendant Macias failed to see and/or acknowledge the visible grade between the southbound and northbound lanes of US-27. As the tractor-trailer was mid-turn, blocking all northbound lanes of US-27, the grade change caused the trailer undercarriage to contact the roadway and caused the tractor and trailer to abruptly stop directly in the path of Plaintiff's vehicle.

9. As Plaintiff approached the tractor and trailer, it was turning, and suddenly stopped. As it did so, the tractor and trailer lights and safety reflectors were facing away from and/or not readily visible to Plaintiff causing a collision between Plaintiff and Macias.

10. The impact was severe, causing significant damage to Plaintiff's vehicle, and also causing Plaintiff to suffer severe and painful personal injuries, including fractures to her hip bones and ankle.

11. At all times material, Defendant Island Construction was engaged in the business of commercial trucking and the interstate transport of freight.

12. At all times material, Defendant Macias was a commercial truck driver and the agent and/or employee of Defendant Island Construction and was in the course and scope of said employment or agency.

13. At all times material, on information and belief, the subject tractor and trailer being operated by Defendant Macias was owned by Macias or in the alternative owned by Defendant Island Construction.

14. At all times material, Defendant Island Construction was registered with the United States Department of Safety and the Federal Motor Carrier Safety Administration and had received USDOT number(s) and operating authority from said agencies for the operation of commercial tractors and trailers on U.S. highways.

15. On information and belief Defendant Macias was operating the subject tractor and trailer pursuant to one or more USDOT number(s) and/or operating authorities issued to Defendants Island Construction.

16. As such, Defendants were subject to all Tennessee highway laws, Tennessee Department of Safety regulations, and all relevant Federal Motor Carrier Safety Regulations ("FMCSRs") pursuant to 49 CFR Chapter III, Subchapter B, Sections 350-399.

17. As a commercial trucking company and employer or principal of Defendant Macias – Defendant Island Construction had a duty to properly screen Defendant Macias, prior

to his hiring, to confirm that he was properly trained and competent to operate the subject tractor and trailer including, but not limited to, the ability to properly operate the equipment on U.S. highways and to follow all FMCSRs.

18. As a commercial trucking company and employer or principal of Defendant Macias – Defendant Island Construction had a duty to properly develop policies and procedures, and communicate them to its employees and/or agents, including Defendant Macias, to ensure the subject trailer was properly inspected and maintained so that it was safe for normal operation on U.S. highways and that Macias knew how to operate the tractor and trailer on roadways of varying terrain and grade. and followed all traffic laws and Federal Motor Carrier Safety Regulations ("FMCSRs").

## **NEGLIGENCE AND NEGLIGENCE PER SE**

Plaintiff realleges and incorporates by reference the allegations of all paragraphs as is fully restated herein.

19. Defendant Macias was negligent in causing or contributing to the subject collision in that he:

    a) failed to keep the tractor-trailer he was operating under proper control;
    b) failed to operate the tractor-trailer in a safe and lawful manner;
    c) failed to properly and safely execute a change of direction in his vehicle;
    d) failed to recognize and properly negotiate a roadway grade change;
    e) executed an unsafe and/or illegal U-turn on a busy, dimly-lit four-lane highway through a crossover not intended for such turns by a tractor-trailer;
    f) failed to keep a proper lookout and continuously scan for dangers in and around his vehicle;
    g) failed to devote full attention to the operation of his vehicle, under the existing circumstances, to avoid endangering oncoming motorists and avoid colliding with any other vehicle or any fixed object; and

h) operated his vehicle without sufficient rest and/or while fatigued in violation of FMCSRs.

20. Defendant Macias was negligent *per se* in that he violated the following codes, rules, and/or regulations to-wit:

| | |
|---|---|
| T.C.A. § 55-8-141 - | Turning on Curve or Crest of Grade Prohibited. |
| T.C.A. § 55-8-136 - | Drivers to Exercise Due Care. |
| T.C.A. § 54-16-108(a)(2) - | Rules of the road Violations Penalties. |
| 49 CFR § 395, *et seq.* - | Hours of Service (HOS) for commercial drivers. |

21. Defendant Island Construction owed Plaintiff and other similarly situated motorists a duty ensure that their employee or agent driver Macias operated the subject tractor-trailer within the standard of care for a commercial driver and in compliance with all applicable Tennessee traffic laws and Federal Motor Carrier Safety Regulation (FMCSRs).

22. Defendant Island Construction was negligent in causing or contributing to the subject collision in that, on information and belief, the company:

a) failed to properly train and supervise its driver, Macias, in the safe operation of the tractor-trailer including the proper methods to continuously scan the roadways for possible danger and to plan for evasive action;

b) failed to properly train their driver on the normal and safe operation of tractor-trailers including the safe change of direction upon poorly lit, uneven and/or congested divided highways;

c) failed to properly train their driver in the safe operation of flatbed trailers over uneven terrain and/or roadways to avoid dragging the trailer;

d) failed to properly investigate, train and review their driver's background and performance in order to correct unsafe driver actions including driving fatigued, driving in violation of HOS regulations and/or falsifying a driver logbook; and

e) failed to ensure their driver complied with all rules of the road and/or FMCSRs including safe turns, avoiding driving fatigued, following all HOS regulations and/or keeping an accurate driver logbook.

## CAUSATION & DAMAGES

23. The Defendants' individual and/or combined negligence is the direct and proximate cause of all damages suffered by Plaintiff including bodily injuries, which have required medical treatment and related medical expenses and have resulted in physical pain and suffering, anxiety, distress, loss of enjoyment of life, loss of income, and disfigurement.

24. Plaintiff's injuries are continuing in nature and will likely result in the need for future medical treatment and related medical expenses, future lost wages, future pain and suffering, anxiety and distress, disfigurement, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for judgment to be entered against the above-named Defendants for compensatory damages in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000) and prays for such further and general relief as the Court deems appropriate.

Plaintiff demands a trial by jury.

BY: __/s/ Bryan L. Capps_____
BRYAN L. CAPPS, ESQ. BPR 019999
TONY L. SAX, ESQ. BPR 036928
LAW OFFICE OF BURROUGHS & CAPPS
9111 CROSS PARK DRIVE, SUITE E-100
KNOXVILLE, TENNESSEE 37923
(865) 525-3773
bcapps@easttnlawyer.com
tsax@easttnlawyer.com

## COST BOND

I hereby acknowledge myself as surety for the costs in this cause.

                                                                     /s/ Bryan L. Capps
                                                                     FOR THE PLAINTIFF